IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALBERTO RODRIGUEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-331 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Alberto Rodriguez, an inmate confined at FCI Jesup, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying this habeas petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleading. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds petitioner's objections lacking in merit. Petitioner concedes he voluntarily withdrew from the GED program at FCC Beaumont Medium. Petitioner originally asserted he could not pass the GED because of an unspecified mental impairment which allegedly qualifies him for an exemption or waiver pursuant to C.F.R. § 544.71 and Program Statement 5350.28, Chapter 8(4)(b). Petitioner argued this was evidenced by his lack of progression out of the "Special Needs" classification and his inability to pass the GED test. As outlined in the Report and Recommendation, the record reflects petitioner participated in a variety of ACE courses and previously made satisfactory progress in the GED Program before he decided to withdraw. The record does not reflect petitioner was enrolled in "special needs" classes. In addition, the record

does not contain any documentation that exists to justify a permanent exemption from the GED program based on a mental impairment. In his Objections, petitioner now states he has a medical history of anxiety, high blood pressure, strokes and loss of eye sight which allegedly qualify him for a medical exemption. Beyond the medical records attached by petitioner that show he has been treated for anxiety and high blood pressure, there is nothing in the record to show that these diagnoses somehow impeded his ability to successfully participate in the GED program.

Even if petitioner can establish he qualifies for a medical exemption, petitioner cannot show his substantive due process rights have been violated as he has not asserted "the existence of a constitutionally protected property or liberty interest." Fifth Circuit case precedent reflects that prisoners have no liberty interest in *opportunities* to obtain good time credits. *See Hester v. Mamukuyomi*, 750 F. App'x 275 (Sept. 11, 2018) (emphasis added) (not designated for publication) (citing *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) and *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)). Furthermore, the record reflects petitioner was given notice the credits would be withheld from his federal term due to his voluntary withdrawal from the GED Program. Petitioner was first informed of this requirement during the Admission and Orientation process for the Education Department. Response, Ex. A, ¶ 7. Petitioner was also counseled and informed in writing he would only earn 42 days of GCT per year when he withdrew from the GED Program on June 1, 2016. *Id.*, ¶ 8. Petitioner was also allowed to challenge this determination in the Administrative Remedy Program. *Id*, Attachment 14. This has constituted sufficient "due process" in similar circumstances. *See Holman v. Cruz*, No. 08-647, 2008 WL 5244580, at *4 (D. Minn. Dec. 15, 2008) (not designated for publication).

To the extent petitioner requests this Court to order the BOP to provide petitioner an exemption, this Court declines to do so. The record does not reflect any mental or medical impairment that justifies the exemption. Regardless, any such consideration involves matters of medical judgment which are not proper judicial considerations. To the extent petitioner asserts

violations of the Americans with Disabilities Act, any such claim is not proper in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED** this the **16** day of **June, 2020.**

_____
Thad Heartfield
United States District Judge